# IN THE SUPREME COURT OF TEXAS

No. 17-0724

REY GARZA, PETITIONER,

v.

ROXANA REGALADO HARRISON AND JOSEPH SANTELLANA, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF JONATHEN ANTHONY SANTELLANA, DECEASED, RESPONDENTS

ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE FOURTEENTH DISTRICT OF TEXAS

JUSTICE BOYD, joined by JUSTICE LEHRMANN, concurring.

I agree with the Court's analysis and join its opinion and judgment. I write separately only to emphasize that the Court does not decide or address whether this action "could have been brought" against the City of Navasota. Section 101.106(f) requires dismissal if this suit is "[1] filed against an employee of a governmental unit [2] based on conduct within the general scope of that employee's employment and if [3] it could have been brought under this chapter against the governmental unit." TEX. CIV. PRAC. & REM. CODE § 101.106(f). The first requirement is indisputably satisfied on this record. The Court correctly holds that the facts satisfy the second requirement as well, but it does not address the third requirement because—as the Court notes— the plaintiffs do not dispute that they could have brought this wrongful-death suit against Garza's employer, the City of Navasota. *Ante* at ___. Because the plaintiffs do not challenge the third

requirement, we do not address that issue and instead hold only that the suit is based on Garza's conduct within the general scope of his employment as a police officer.

_____
Jeffrey S. Boyd
Justice

Opinion delivered: May 24, 2019